**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

LOCAL UNION 978, BECKLEY BARGAINING
UNIT OF THE INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS,

        Petitioner,

v.                                       CIVIL ACTION NO. 5:11-cv-00583

APPALACHIAN POWER COMPANY,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Petitioner, Local Union 978, Beckley Bargaining Unit of the International Brotherhood of Electrical Workers ("Local Union"), seeks to enforce an arbitration award, pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 and 9 U.S.C. § 9, against Respondent Appalachian Power Company ("APC"), a company engaged in the generation and distribution of electric power within the Southern District of West Virginia. (Petition to Enforce Arbitration Award ("Pet. to Enforce") (Document 1)). In response, APC moves to dismiss the petition under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Appalachian Power Company's 12(b)(1) and 12(b)(6) Motion to Dismiss ("Mot. to Dismiss") (Document 7)).

After careful consideration of the parties' submissions (Documents 1, 7-8, 11-12) and for the reasons that follow, the Court finds that the Local Union's Petition should be denied and APC's motion to dismiss should be granted.

*I.*

In the underlying dispute, the Local Union alleged a Servicer position in the Oak Hill segment of APC's Beckley area Service Center became available in 2010. According to the Local Union, Beckley employees were to be given first choice to fill the position pursuant to the parties' Collective Bargaining Agreement ("CBA") and its Addendum. APC placed Steve Gregory, a Pineville area employee in the position, despite receiving a bid for the job from Gary Carter, a Beckley employee. In response, the Local Union filed a grievance to protest APC's decision on behalf of Gary Carter. APC denied it violated the parties' applicable agreements. The dispute was ultimately submitted to arbitration as required by the parties' CBA. The parties stipulated to the issue properly before the arbitrator as: "Did the Company violate the Collective Bargaining Agreement when it failed to award the Servicer Position in the Beckley area to the grievant, Gary Carter? If so, what should the remedy be?" (Pet. to Enforce, Ex. 1, Opinion and Award (Document 1-1) at 4.)

On June 15, 2011, Arbitrator, Stanley H. Sergent, conducted a hearing on the grievance. On July 8, 2011, Arbitrator Sergent found that the Local Union had met its burden that APC violated the CBA. In doing so, the Arbitrator concluded: (1) that unrefuted evidence existed to find that the parties' CBA and addendum provided that "if a position opened [up] in [the] Beckley [Service Center], a Beckley employee would get preference over a Pineville employee, even if the Pineville employee had more seniority with the Company than the Beckley employee[]"; (2) that the evidence did not support a finding that Gregory was a Beckley employee; (3) that even if the Addendum were not applicable to the parties, evidence of the custom and past practice of the parties clearly established that they gave "preference to the local employees when new positions opened up[;]" and

2

that Carter should have been given preference in the Oak Hill Servicer position over Gregory. (Pl.'s Ex. 1 at 1-13.) As a remedy, the Arbitrator ordered APC to "place the grievant in the Oak Hill Servicer position and make him whole for all lost earnings and other benefits." (Pl.'s Ex.1 at 13.)

The Local Union initiated this suit against APC to enforce the arbitration award issued on July 8, 2011, for Grievance No. Beckley 2010-11. (Pet. to Enforce at 9) ("[APC] has been unwilling to abide by [the arbitration award] and has failed and refused to place the Grievant into the Servicer position.") The Local Union moves the Court for an order confirming the arbitration award and to enter judgment in conformity therewith.

APC contends that it has complied with the Arbitrator's ruling by placing Mr. Carter in the Oak Hill Servicer position and that Petitioner is attempting to litigate an issue unrelated to the arbitration. (Mot. to Dismiss at 7) ("Rather than filing a grievance on behalf of Mr. Carter to challenge the implementation and effect of the new Servicer schedule . . . Local 978 is attempting to artfully frame its challenge to the new Servicer schedule as a Petition to Enforce the Arbitration Award in Grievance No. BE-10-1.") Finally, APC contends that this Court lacks subject matter jurisdiction over any challenge of its implementation of the unrelated Servicer Schedule issue, since the Local Union has not exhausted its administrative remedy.

*II.*

Respondent seeks a dismissal for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Procedure 12(b)(6). Such a motion tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). In *Ashcroft v. Iqbal*, the United States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual

matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

*III.*

The Federal Arbitration Act (the "FAA") provides that "at any time within one year after the [arbitration] award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. The scope of judicial review of an arbitration award is "among the narrowest known at law." *Three S. Del., Inc. v. Dataquick Info. Sys., Inc.,* 492 F.3d 520, 527 (4th Cir.2007) (quoting *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.,* 142 F.3d 188, 193 (4th Cir.1998)). The Court of Appeals for the Fourth Circuit has "explained that expansive judicial scrutiny of such awards would undermine important benefits of arbitration, such as avoiding the delay and expense associated with litigation." *AO Techsnabexport v. Globe Nuclear Services and Supply GNSS, Ltd.*, 404 F.App'x 793, 797 (4th Cir. 2010) (citing *Dataquick,* 492 F.3d at 527). Consequently, in reviewing arbitration awards, "a district . . . court is limited to determin[ing] whether the arbitrators did the job they were told to do–not whether they did it well, or correctly, or reasonably, but simply whether they did it." *Dataquick,* 492 F.3d at 527 (quoting *Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 146 (4th Cir. 1994) (internal quotation marks omitted)). To that end, in considering a petition to enforce an arbitration award, the court "may determine only whether the arbitrators acted within the scope of their authority[.]"

*AO Techsnabexport*, 404 F.App'x at 797 (citing *Remmey*, 32 F.3d at 146.) An arbitration award is upheld so long as it "draws its essence from the collective bargaining agreement" and is not merely the arbitrator's "own brand of industrial justice." *Steelworkers v. Enter. Wheel & Car Corp.,* 363 U.S. 593, 597 (1960). Moreover, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Parsons v. Power Mountain Coal Co.,* 604 F.3d 177, 181 (4th Cir. 2010) (citing *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 39(1987); *see also Mountaineer Gas Co. v. Oil, Chem. & Atomic Workers Int'l Union,* 76 F.3d 606, 608 (4th Cir.1996). Therefore, on judicial review, an arbitration award "is entitled to a special degree of deference." *Upshur Coals Corp. v. United Mine Workers of Am. Dist. 31*, 933 F.2d 225, 228 (4th Cir. 1991).

*IV.*

"On application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.'" *Hill Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) (quoting 9 U.S.C. § 9). In the case *sub judice*, the parties do not dispute that they entered into a collective bargaining agreement which was in effect at the time APC filled the vacant Oak Hill Servicer Position. Nor do the parties dispute that their agreement required grievances like this one, which is not satisfactorily resolved, to be presented to an impartial arbitrator. APC has not moved to vacate, modify or correct the arbitration award issued on July 8, 2011. Moreover, APC does not challenge the arbitration award or contend that it was not "drawn from the essence" of the parties' collective bargaining agreement and addendum. The Fourth Circuit has held that "an arbitration award fails to draw its

5

essence from the agreement . . . 'when an arbitrator has disregarded or modified unambiguous contract provisions or based an award upon his own personal notions of right and wrong.'" *Choice Hotels Int'l v. SM Prop. Mgmt., LLC*, 519 F.3d 200 (4th Cir. 2008) (citing *Dataquick Info. Sys., Inc.,* 492 F.3d at 528.) Neither party contends that the Arbitrator disregarded or modified an unambiguous contract provision.

Further, there is no dispute that the parties' CBA governs APC's right to: assign work, modify jobs, determine the number of working hours required and, critical to the grievance here, facilitate hiring and promotions. The Arbitrator fully considered the hiring / promotion issue before him, the relevant history of the creation of the Local Union and the organization of the APC Service Center involved in the dispute. Before the Arbitrator was unrefuted evidence that: an Addendum to the parties' CBA existed, that the Addendum regulated how Beckley and Pineville employees would be placed in open positions, that Mr. Gregory was not originally a Beckley employee and there was no evidence that he transferred to a Beckley position prior to filling the Oak Hill Servicer vacancy. The Arbitrator also considered the CBA and its Addendum and the evidence of APC's past practices and customs to give preference to local employees when seeking to fill open positions. Ultimately, the Arbitrator found that the Addendum to the parties' CBA governed the hiring decision that affected Mr. Carter and determined that APC violated the agreement by filling the Oak Hill Servicer position with a Pineville employee, Mr. Gregory, rather than a Beckley employee, Mr. Carter. APC does not dispute this finding before this Court. In light of the foregoing, this Arbitrator's decision is entitled to deference. Finally, there is no dispute among these parties that the Arbitrator's decision is a final decision.

Therefore, after careful consideration of the Arbitration Award, the parties' submissions and the reasons stated herein, the Court finds that the Arbitrator acted within the scope of his authority, the award was drawn from the essence of the parties' CBA and Addendum, and there is no evidence that the award should be vacated as merely an arbitrator's "own brand of industrial justice."

If the Local Union solely sought confirmation of the award, the Court's inquiry would end here, since APC's compliance with the arbitration award is not relevant to its confirmation. However, the Local Union also seeks to enforce the award which it contends that APC "has been unwilling to abide by . . . and has failed and refused to place [Mr. Carter] into the Servicer position." (Pet. to Enforce at 9.) APC wholly denies this claim. Assuming all of the allegations asserted by the Local Union to be true, as the Court must on a motion to dismiss, the Court finds that the Local Union has failed to state a claim upon which relief may be granted in that it seeks the Court to consider a work-related issue that is separate and distinct from that which was before the Arbitrator.

In its motion, APC asserts that it has complied with the arbitration award by placing Mr. Carter into the Oak Hill Servicer position. According to APC, Mr. Carter did not suffer any lost earnings or other benefits because he was already in a Servicer position in another area.[1] The Local Union does not dispute that Mr. Carter was moved to the Servicer Position or argue that he suffered lost earnings or benefits for which he was not paid. Indeed, in its response to APC's motion, the Local Union concedes that Mr. Carter was placed in the Servicer position. However, the Local

---

[1] It appears from the parties' submissions that when APC hired Mr. Gregory for the Oak Hill Servicer position, Mr. Carter was given a Servicer position elsewhere in the Beckley area. In response to the Arbitration Award, APC moved Mr. Carter from that Servicer position to the Oak Hill position which was the basis of the grievance. In doing so, Mr. Carter's Beckley area Servicer position became vacant and Mr. Gregory was hired to fill that position. As a result, Mr. Gregory continued to be a Servicer in the Beckley area. Whether Mr. Gregory was properly placed within this Servicer position is not an issue before the Court, since it does not concern the grievance arbitrated.

7

Union argues that Mr. Carter was subsequently removed from the position when APC implemented a new shift schedule and the Oak Hill Servicer position was eliminated. However, the position held by Mr. Gregory was not eliminated. According to the Local Union, APC "under the guise" of a new shift schedule displaced Mr. Carter and violated the arbitration award. (Petitioner's Response in Opposition to Respondent's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss ("Pet. Opp'n")) (Document 11) at 5) ("The net results of the actions of the Respondent are that Mr. Carter is no longer a Servicer and Mr. Gregory remains a Servicer in the Beckley area. The fact that the Company allowed Mr. Gregory to remain a Servicer in the Beckley area ignores and violates the Arbitrator's Decision."). . APC asserts that a change in the shift schedule for all Servicer positions was already planned; that the change converted the former five (5) day coverage schedule to a new seven (7) day, sixteen (16) hour coverage schedule; and that employees and the Local Union were aware of the new Servicer schedule prior to the arbitration and subsequent award. Indeed, APC argues that on May 31, 2011, prior to implementing the new schedule, it met with employees and the Local Union to discuss the schedule. There is no record that the parties discussed any pending schedule change and its impact on Mr. Carter during the June 15, 2011 arbitration hearing. Moreover, there is nothing in the award that expressly indicates the decision would prospectively prohibit the company from making decisions regarding any alteration in the work schedule of its Servicers or the number of such positions. To the extent the Local Union challenges the disposition of Mr. Carter's position after APC's decision, relative to the change in shift schedule for all Servicer positions, the forum for such a challenge does not lie in this Court. This is so where the Arbitrator was never confronted with that issue in his consideration of Mr. Carter's grievance and any exception to the schedule change is a subject matter governed by the parties' CBA. The issue of the

schedule change and its impact on Mr. Carter was simply not addressed in the August 11, 2010 grievance.

The Local Union asserts that it desires APC to remove Mr. Gregory and ensure that Beckley employees are given preferences for jobs in the Beckley area. (Pet.'s Opp'n at 6.) The Local Union's request is fatally flawed. First, the arbitration award concerned the Oak Hill position *and* the individuals who sought that position. Mr. Gregory is no longer in the Oak Hill Servicer Position. Second, any assertion that APC violated the parties' labor agreements when it placed Mr. Gregory in a separate Servicer Position is not properly before this Court. Furthermore, the arbitration award cannot be read to require APC to displace Mr. Gregory from a different position other than that considered during the arbitration. Finally, the Local Union desires the Court to expand the Arbitration Award to consider a labor dispute that was not addressed in the arbitration award. This Court finds such an expansion would be wholly inappropriate. Therefore, the Court finds that APC's motion to dismiss any challenge to the implementation of a schedule change should be granted. [2]

## *CONCLUSION*

After careful consideration of the foregoing, the Court finds that the parties' Agreement provided the arbitrator with the authority to issue its July 8, 2011 award and that the award was drawn from the essence of the Agreement. APC has already complied with the express terms of the

---

[2] APC also moved for dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure by asserting that the Local Union failed to exhaust its administrative remedy to challenge the Servicer Schedule change. Inasmuch as that labor decision was not the subject of the instant grievance and arbitration award and upon consideration of the disposition of the matter here, the Court finds that no finding is warranted regarding the Local Union's effort, or the lack thereof, to exhaust its administrative remedy to challenge the schedule change.

Arbitration Award. To the extent the Local Union desires the Court to extend the arbitration award beyond that which was directed by the Arbitrator, as it relates to APC's Servicer Schedule implementation, the Court declines to do so. Therefore, the Court does hereby **ORDER** that Petitioner's Petition to Enforce Arbitration Award (Document 1) be **DENIED**. It is further **ORDERED** that Appalachian Power Company's Motion to Dismiss (Document 7) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    September 5, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA